UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEO TIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-10262-LTS |
| ) | |
| LAWRENCE PRISON, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

February 15, 2018

SOROKIN, D.J.

For the reasons stated below, the Court dismisses this action.

On February 12, 2018, Cleo Tidwell, a pro se litigant confined at the Lawrence Correctional Center in Sumner, Illinois, filed a one-page complaint in which he alleges that correctional officers at the prison "consistently and arbitrarily violate the 1st Amendment by refusing to respond to [his] grievances with impunity." He also claims that the officers' supervisors condone the conduct. Tidwell states that the purpose of the complaint "is to inform all superior courts in the US about the prison staff here at Lawrence Prison." In his prayer for relief, he asks that "this Court acknowledge receiving my letter of complaint."

Article III of the Constitution limits the judicial power of federal courts to deciding actual "Cases" or "Controversies." U.S. Const. art. III, § 2. "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, --, 133 S. Ct 2652, 2661 (2013). Here, Tidwell does not present a "case" or "controversy." While he does allege that the

defendants have violated his rights under the First Amendment, he does not seek a remedy therefor. The plaintiff merely asks that the Court acknowledge receipt of his pleading.

Further, even if Tidwell had sought redress for his alleged injury, the Court lacks personal jurisdiction over the defendants and venue does not exist in the District of Massachusetts.[1]

Accordingly, this action is DISMISSED.

SO ORDERED.

                                               /s/ Leo T. Sorokin
                                               UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Tidwell is enjoined from filing a new action in the United States District Court for the Southern District of Illinois until he pays a $500 sanction. See Tidwell v. Clendenin, C.A. No. 3:16-00384, ECF No. 43 (S.D. Ill. August 10, 2017).